IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Juan Castillo, #265260, <br> aka Juan Viviano Castillo, <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Social <br> Services, Spartanburg County; <br> Gaynelle C. West, Director, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 7:07-3340-HMH-BHH <br><br> **OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Juan Castillo ("Castillo"), a state prisoner proceeding pro se, alleges that his due process rights were violated in a state court civil case that he filed pro se and in forma pauperis in 2005. In the state court case, filed in the Spartanburg County Family Court, Castillo sought various forms of injunctive relief against one of the Defendants in the instant case, the South Carolina Department of Social Services ("SCDSS"). Castillo's claims in his 2005 state court case arose from a 1999 family court proceeding in which Castillo's parental rights to his three children were terminated. In her

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Report and Recommendation, Magistrate Judge Hendricks recommends dismissing the case without prejudice and without issuance and service of process because Castillo's claims are barred by the Rooker-Feldman doctrine as set forth in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Castillo filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Castillo's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Magistrate Judge Hendricks found that because Castillo is seeking to have this court review and set aside his state court judgments, the instant action is barred by the Rooker-Feldman doctrine. (Report and Recommendation 4-5.) In his objections, Castillo asserts that his claim that his due process rights were violated is reviewable. (Objections 1.)

In his complaint, Castillo seeks to have "all decisions rendered against me at the state court level . . . set aside in this court" based on allegations of a denial of due process and equal protection in his state court judicial proceedings. (Compl. 4.) However, the Rooker-Feldman doctrine prevents United States District Courts from reviewing state court judgments. See

2

Feldman, 460 U.S. at 476-82; Rooker, 263 U.S. at 416. "This rule applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Feldman, 470 U.S. at 485 (internal quotation marks omitted). Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that Castillo's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                         s/Henry M. Herlong, Jr.
                                                         United States District Judge

Greenville, South Carolina
November 20, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.